The judgment of the court was pronounced by
Rost, J.
The plaintiff, as administratrix of the succession of her former husband, Benjamin R. Smith, sues the succession of Philander A. Smith. She alleges that soon after the death of her husband, she was confirmed as natural tutrix to her minor children; that Philander A. Smith was appointed under-tutor, and undertook, as her agent and friend, the management and settlement of the succession of Benjamin R. Smiih; and that he received cash, collected debts, and drew from her factors in New Orleans various sums of money, and received the crops belonging to the succession; that he paid some of the debts of the succession; leaving a balance due by him of $1199 92, which she now claims.
The answer admits, that Philander A. Smith was under-tutor, and that he acted at times as the agent of the plaintiff, in receiving and disbursing monies for *197 her; but avers that Philander A. Smith, before his death, had a full and final settlement with the plaintiff; in which he accounted to her for all monies received by him on her account, or on account of the succession of Benjamin R. Smith, and delivered up to her all the accounts of sales, accounts current and vouchers of every description. There was judgment for the defendant, and the plaintiff appealed.
The allegations of the defence are fully made out. The accounts filed in court by the plaintiff herself in her capacity of tutrix, the petitions to which they are annexed, and other balanced accounts in the possession of the defendant as administratrix, show most conclusively that Philander A. Smith faithfully accounted for all the monies that came to his hands.
In addition to this evidence, the defendant has produced the following receipt:
“ West Feliciana, February 3, 1846. Received payment in full of P. A. Smith for the crops of the estate of B. R. Smith, for 1844 and 1845. (Signed,) Mary Ans Smith.”
It does not appear that P. A. Smith received other monies than those arising from the sale of those two crops. Under the state of facts thus presented, her counsel submits to us the question whether this receipt given in her individual name, before she was appointed administratrix, and stating no amount, is a bar to her present action? The counsel has favored us with no reason why it should not be supported, as it is conclusive evidence of its correctness. As tutrix of her minor children, she was competent to administer the succession, so long as the creditors did not object. Bryan v Atchison, 2d Ann. 462.
The record shows that Philander A. Smith acted for her, and accounted to her in her capacity of tutrix, and her receipt .must be considered as having been given in that capacity : she being without authority to administer in any other.
The plaintiff’s claim is unfounded, alike in law and equity.
The judgment is therefore affirmed, with costs.